IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL D. UTECHT,

                Petitioner,

v.

CHRIS BUESGEN,

                Respondent.

OPINION and ORDER

23-cv-792-jdp

---

Petitioner Daniel D. Utecht, appearing without counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Utecht challenges his state-court convictions for sexual assault of a child. *See State v. Utecht*, Clark County Case Nos. 2012CF56 and 2012CF57. He contends that he received ineffective assistance of postconviction and appellate counsel because they failed to raise several ineffective-assistance-of-trial-counsel arguments in his direct appeal.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

Utecht's petition appears to be timely despite him being convicted more than ten years ago. Utecht filed a series of postconviction motions raising his claims about postconviction and appellate counsel, with his final motion being denied by the court of appeals in June 2023. *State v. Utecht*, No. 2022AP260, 2023 WL 4010417 (Wis. Ct. App. June 15, 2023).

Nonetheless, Utecht has procedurally defaulted his claims. In ruling on his most recent postconviction motion, the Wisconsin Court of Appeals concluded that the ineffective assistance claims that Utecht contends postconviction and appellate counsel should have raised were not "clearly stronger" that the ineffective assistance claims that they did raise. *Id.* at *2 (citing *State v. Romero-Georgana*, 2014 WI 83, 360 Wis. 2d 522, 849 N.W.2d 668, and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994)). This is an "independent and adequate" state procedural bar on Utecht's claims. *Lee-Kendrick v. Eckstein*, 38 F.4th 581, 588 (7th Cir. 2022); *Whyte v. Winkleski*, 34 F.4th 617, 624–25 (7th Cir. 2022).

There are two ways that a petitioner may overcome procedural default. The first is by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Whether cause exists generally turns on whether the factual or legal basis for the claim "was not reasonably available to counsel," or whether "some interference by officials" made it "impracticable" for counsel to comply with the state procedural rule. *See Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Ineffective assistance of counsel may "constitute cause to set aside a procedural bar." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010).

The second is when "failure to consider the claims will result in a fundamental miscarriage of justice." *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016). This exception "applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted." *Wilson v. Cromwell*, 69 F.4th 410, 421 (7th Cir. 2023) (internal quotations omitted). To establish an actual innocence claim, Utecht "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To qualify for this narrow exception,

Utecht must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Utecht states in his petition that he is actually innocent of the sexual assault offenses. But he does not explain what new reliable evidence there is to satisfy the *Schlup* standard. I will give him a short time to respond to this order by explaining the basis for his actual-innocence argument or otherwise argue cause and prejudice sufficient to overcome his procedural default.

ORDER

IT IS ORDERED that petitioner may have until February 9, 2024, to respond to this order as stated above.

Entered January 10, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge