IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL D. UTECHT,

                Petitioner,

v.

CHRIS BUESGEN,

                Respondent.

OPINION and ORDER

23-cv-792-jdp

---

    Petitioner Daniel D. Utecht, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Utecht challenges his state-court convictions for repeated sexual assault of two children. *See State v. Utecht*, Clark County Case Nos. 2012CF56 and 2012CF57. He contends that he received ineffective assistance of postconviction and appellate counsel because they failed to raise several ineffective-assistance-of-trial-counsel arguments in his direct appeal. I directed the state to respond to the petition despite potential problems with untimeliness and procedural default. *See* Dkt. 2 and Dkt. 4. After considering the parties' submissions, I conclude that Utecht's habeas claims are procedurally defaulted and that he does not overcome that default. Accordingly, I will deny Utecht's petition.

BACKGROUND

    The following facts are taken from the petition and the state court records provided by Utecht and the state.

    Utecht was charged with repeated sexual assault of a child in two cases: he was accused of assaulting L.J.H. (a girl) and T.C.H. (a boy) multiple times while they all lived together with the children's mother in Thorp, Wisconsin between May 2004 and March 2005. L.J.H. was

14 or 15 years old during the relevant events. T.C.H. was 10. The children separately reported the assaults to family members in 2009.

The cases were consolidated. At a two-day trial in May 2013, testimony established that L.J.H, T.C.H., their mother, and Utecht lived in Hammond, Wisconsin from 2001 to 2004. Around May 18, 2004, T.C.H., his mother, and Utecht moved to Thorp. L.J.H. stayed in Hammond to finish her school year but visited the others in Thorp the weekend on May 22–23, 2004. On May 22, L.J.H. called law enforcement, alleging a "domestic incident" (of a non-sexual nature) involving her, her mother, and Utecht. Utecht was arrested, held in jail, and released two days later on bond with a provision that he have no contact with L.J.H. Both L.J.H. and T.C.H. left to live with other family members for at least part of the summer but returned for school. They all lived together, at a few different residences, for most of the time until their mother and Utecht broke up in early February 2005.

The key witnesses were L.J.H. and T.C.H. They each testified that Utecht sexually assaulted them at least three times during the time that they lived in Thorp. On cross-examination, defense counsel established that parts of both children's testimony, particularly the timeline of the multiple assaults, were inconsistent with the accounts that they had given law enforcement a couple of years earlier and at the preliminary hearing. At closing arguments, the prosecutor noted that L.J.H. and T.C.H. "clearly have some difficulty keeping all of [the assaults] straight and getting the dates right," but that "they have consistently said they were sexually assaulted . . . numerous times and it occurred between those dates largely during that school year." Dkt. 8-16, at 71–72. Defense counsel focused on the timeline of the assaults as described by the children and how their accounts conflicted with evidence establishing when

2

each person involved lived at each of the various residences during the time frame at issue. The jury found Utecht guilty of repeated sexual assault of both L.J.H. and T.C.H.

Utecht retained new counsel, who argued in postconviction proceedings that trial counsel had been ineffective by (1) failing to object to or limit the admission of evidence of the May 22, 2004 "domestic incident" involving Utecht, L.J.H., and her mother; (2) failing to cross examine L.J.H. about whether she had lied to police about that incident; (3) failing to elicit evidence that Utecht had offered to take a polygraph test; and (4) telling Utecht that they would not ask him any questions if he testified. After holding a *Machner* hearing, the circuit court denied Utecht's motion. The Wisconsin Court of Appeals denied his appeal. *State v. Utecht*, 2016 WI App 50, 370 Wis. 2d 261, 881 N.W.2d 358. The Wisconsin Supreme Court denied his petition for review.

Over the next several years, Utecht followed with a series of postconviction motions, contending that he received ineffective assistance of counsel from his postconviction/appellate counsel. The motion material to this case is his August 2021 motion in which he argued that counsel failed to raise "several issues" in his direct appeal.[1] Dkt. 8-11, at 1. The circuit court denied that motion without a hearing, stating, "The petition presents a laundry list of alleged errors. However, the motion does not provide even a rudimentary explanation of how his

---

[1] Some of Utecht's postconviction motions following his appeal were denied in the circuit court and court of appeals at least in part on the ground that Utecht had no right to counsel in postconviction proceedings postdating the deadline for a direct appeal. Utecht argued that his original postconviction motion was indeed timely filed, and in his petition, Utecht states that he was "denied his right to a Direct Appeal." Dkt. 1, at 5. But in considering Utecht's August 2021 postconviction motion, both the circuit court and court of appeals assumed that his original postconviction motion was timely and that he had a right to counsel in his original postconviction proceedings and in his appeal. So Utecht was not denied his appellate rights. In this opinion I refer to Utecht's first appeal as his "direct appeal."

enumerated claims were more meritorious than the claims actually presented by [postconviction/appellate counsel]." Dkt. 8-12, at 6, citing *State v. Romero-Georgana*, 2014 WI 83, ¶ 4, 360 Wis. 2d 522, 849 N.W.2d 668 ("a defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought").

On appeal, the Wisconsin Court of Appeals came to a similar conclusion, stating, "Despite the voluminous nature of his appellate filings, Utecht fails to develop any argument showing that the ineffective assistance of trial counsel claims he currently raises are clearly stronger than the arguments that postconviction counsel raised in his first postconviction motion." *State v. Utecht*, No. 2022AP260, 2023 WL 4010417, at *2 (Wis. Ct. App. June 15, 2023). The court of appeals concluded that Utecht's ineffective-assistance claims were procedurally barred under *Romero-Georgana*. *Id.* The state supreme court denied Utecht's petition for review. Utecht followed with his habeas petition in this court.

ANALYSIS

Utecht contends that his postconviction/appellate counsel was ineffective by failing to raise various ineffective-assistance-of-trial-counsel arguments in his direct appeal. Utecht's petition did not clearly articulate what arguments postconviction/appellate counsel should have raised. In ordering the petition served on the state, I directed Utecht to file a brief-in-chief "clearly setting forth what errors both his trial and postconviction/appellate counsel made that could reasonably have affected the outcome." Dkt. 4, at 2. Utecht's brief isn't much clearer,

4

but I take him to be saying that had trial counsel performed a better investigation, they would have found evidence further undermining the credibility of L.J.H. and T.C.H.

The state contends that Utecht's petition is untimely and that it is procedurally defaulted. I need not consider the timeliness issue because I conclude that the petition is procedurally defaulted.

### A. Procedural default

A claim is procedurally defaulted, and thus barred from federal review, if "the last state court that rendered judgment 'clearly and expressly states that its judgment rests on a state procedural bar.'" *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)) (additional internal quotation omitted). To bar federal habeas review, the state procedural ground must be "'independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state law ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Id.* (internal quotation omitted). "A state law ground is adequate when it is a firmly established and regularly followed state practice at the time it is applied." *Id.* (internal quotation omitted).

In ruling on Utecht's most recent postconviction motion, the Wisconsin Court of Appeals concluded that Utecht failed to show that the ineffective-assistance claims that he contends postconviction and appellate counsel should have raised were "clearly stronger" that the ineffective-assistance claims that they did raise. *Utecht*, No. 2022AP260, 2023 WL 4010417, at *2 (citing *Romero-Georgana*, 2014 WI 83. This is an "independent and adequate" state procedural bar on Utecht's claims. *Lee-Kendrick v. Eckstein*, 38 F.4th 581, 588 (7th Cir.

5

2022); *Whyte v. Winkleski*, 34 F.4th 617, 624–25 (7th Cir. 2022). Thus Utecht's claims are procedurally defaulted.

## B. Exceptions to procedural default

### 1. Cause and prejudice

There are two ways that a petitioner may overcome procedural default. The first is by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Whether cause exists generally turns on whether the factual or legal basis for the claim "was not reasonably available to [the petitioner]," or whether "some interference by officials" made it "impracticable" for the petitioner to comply with the state procedural rule. *See Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Utecht's filings are somewhat unfocused and he doesn't directly address the procedural default issue, but I suggested in my previous order that Utecht was asserting that the cause of his procedural default was postconviction counsel's underlying refusal to investigate various aspects of trial counsel's deficient performance. Dkt. 4, at 2. Ineffective assistance of counsel may "constitute cause to set aside a procedural bar." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). But the acts here do not support such a conclusion. Utecht procedurally defaulted claims that he brought in a pro se postconviction motion for which he did not have the right to effective assistance of counsel. *See, e.g.*, *Pettis v. United States*, 129 F.4th 1057, 1063 (7th Cir. 2025). But even if he could bring an ineffective-assistance claim about postconviction counsel's failure to investigate prejudicing his later pro se postconviction motion, a new ineffective-assistance claim supporting cause for procedural default of a habeas claim must also be properly exhausted in state court, or the petitioner must establish cause and prejudice for

6

default of that new claim as well. *Edwards v. Carpenter*, 529 U.S. 446, 452–54 (2000). Utecht did not attempt to exhaust an ineffective-assistance claim about postconviction counsel's errors dooming his pro se postconviction motion, nor does he assert cause for his failure to do so. Utecht does not overcome procedural default under the cause-and-prejudice standard.

### 2. Actual innocence

The second way that a petitioner may overcome procedural default is by showing that the "failure to consider the claims will result in a fundamental miscarriage of justice." *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016). This exception "applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted." *Wilson v. Cromwell*, 69 F.4th 410, 421 (7th Cir. 2023) (internal quotations omitted). To establish an actual innocence claim, Utecht "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To qualify for this narrow exception, Utecht must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. This is a "demanding" standard that can be met only in "extraordinary" circumstances. *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotations omitted).

Utecht's submissions do not meet this demanding standard. Utecht stated in his petition that he is actually innocent of the sexual assault offenses, but he did not explain what new reliable evidence there is to satisfy the *Schlup* standard, instead listing 100 numbered sentences, most of which identified perceived errors in counsel's performance or witness falsehoods or inconsistencies at trial. *See* Dkt. 1, at 6-11. I directed Utecht to respond by explaining the basis for his actual-innocence argument. Dkt. 2, at 3.

7

Utecht's response was sufficient to warrant serving the petition on the state, but his argument for actual innocence remains unfocused. As with his prior filings in this court and in state court, most of his response is a list of perceived errors by counsel or witness inconsistencies. But I stated that Utecht appeared to be saying that there were "various unpresented pieces of evidence showing that at least some of the alleged sexual assaults could not have happened as the victims described them because he didn't yet own particular properties where victims said the assaults occurred." Dkt. 4, at 2. In support of this argument, Utecht cites to various exhibits that he offered in support of his postconviction motion, including utility records and register of deeds documents. Neither party provides those documents. For purposes of this opinion I will assume that they say what Utecht states they do. But all these documents show is that Utecht and the children lived at the first residence at issue for a slightly shorter period of time than the children testified that they did. The children did not testify that the assaults happened on specific days, nor was the prosecution required to prove that they occurred on specific days. *See* Wis JI–Criminal 255A ("If the evidence shows beyond a reasonable doubt that the offense was committed during the time period alleged . . . that is sufficient."). Utecht's new evidence doesn't disprove any of the alleged assaults.

Aside from the residence information, Utecht points to various other evidence that could have been presented that was inconsistent with parts of the children's testimony. But none of the residence information or other evidence is the type of striking new evidence contemplated in *Schlup* that would be necessary to show that Utecht was actually innocent of the offense. At most, this evidence could have contradicted various details in the children's testimony and more broadly undermined their credibility. But trial counsel had already cross-examined the children about various inconsistencies in the stories over the years, yet the jury

8

believed the core of the children's testimony: that Utecht had sexually assaulted them each at least three times over a several-month span. Utecht's proffered new evidence perhaps could have helped his defense, but it isn't nearly enough for me to conclude that no reasonable factfinder would have found him guilty if they had heard the new evidence. So Utecht has not made a showing of actual innocence necessary to overcome his procedural default. I will not consider the merits of his habeas petition.

C.  **Certificate of appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Utecht a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1.  Petitioner Daniel D. Utecht's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DENIED.

2.  Petitioner is DENIED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close the case.

Entered November 14, 2025.

                                                    BY THE COURT:

                                                    /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge